**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **ROBERT AMANN,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CAUSE NO:**  1:22-cv-43 |
| | ) |
| **AUTOZONERS, LLC,** | ) |
| | ) |
|     **Defendant.** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1.       This is an action brought by Plaintiff, Robert Amann ("Amann"), by counsel, against Defendant, AutoZoners, LLC, ("Defendant"), for its discriminatory actions towards him based on his disabilities and retaliation in violation of the Americans with Disabilities Act, as amended, ("ADAAA") 42 U.S.C. § 12101 et seq., and for its retaliatory actions against him in violation of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq.

### II. PARTIES

2.       Amann is a citizen of the United States, the State of Indiana and, at all times relevant to this litigation, resided in Posey County, Indiana, which is within the geographical boundaries of the Southern District of Indiana.

3.       Defendant is a Foreign Limited Liability Corporation, which maintains offices and conducts operations within the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4.      Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 42 U.S.C. § 12117 and 29 U.S.C. §2617(a)(2).

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

6.      At all times relevant to this action, Amann was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Amann is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8) and/or Defendant knew of Amann's disability and/or Defendant regarded Amann as being disabled.

8.      Amann exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability and retaliation.  Amann has filed his Complaint within ninety (90) days of receipt of his Notice of Suit Rights.

9.      A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

10.      Amann was a qualified and eligible employee as defined by the FMLA.

### IV.  FACTUAL ALLEGATIONS

11.       Amann was hired by the Defendant on or about March 16, 2020, as an In Store Customer Service Representative. Amann is currently employed with the Defendant and holds the same position.

12.     At all times relevant, Amann met or exceeded Defendant's legitimate performance expectations.

13.     Amann is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§ 12102(2) and 12111(8).  Defendant knew of Amann's disability and/or regarded Amann as being disabled and/or Amann has a record of being disabled.

14.     Amann is a Disabled American Veteran who has severe and on-going medical issues with his back – spinal stenosis, pinched nerve, etc. - for which he receives continuing medical care and medication.

15.     As a result, Amann exercised his rights to intermittent leave pursuant to the FMLA to treat his on-going serious health condition.

16.     In or about January 2021, Katelyn Willemsen ("Willemsen"), became Amann's supervisor.  She immediately began to harass and discriminate against Amann due to his disabilities and use of FMLA leave.

17.     Willemsen became enraged due to Amann's medical restrictions, accommodations, and need for FMLA leave to attend his medical appointments.

18.     Defendant's District Manager, Amy Minor ("Minor"), also took issue and discriminated against Amann.

19.      Minor and Willemsen sent text messages to each other that state they decided to move Amann to part-time because they did not want to accommodate his disability or use of FMLA leave – in fact, Minor stated "that's not how FMLA works" –

apparently referring to continuous leave versus intermittent leave and not understanding the difference.

20.     Amann was then placed on a part-time 30 hour work schedule – instead of his normal 40+ hours per week - in an effort to punish him and starve him out.

21.     According to the text messages between Minor and Willemsen, they moved Amann to part-time because he was not dependable – due to his disabilities, accommodations, and FMLA leave.

22.      Shortly after being moved to part-time in or about May 2021, Amann engaged in a protected activity and reported the discrimination and harassment to Defendant's Human Resources Department. Amann was supposed to be placed back on a 40 hour work schedule, but Amann has not been given 40 hours per week.

23.     On or about May 21, 2021, Willemsen's husband contacted Amann and threatened to cause him severe physical harm – which Amann reported to the police and the Defendant.

24.     However, Amann was the one disciplined over the incident because the same man alleged Amann called female co-workers "bitches", which is absolutely untrue.

25.     Willemsen's conduct gets even more outrageous. Amann's wife works at the McDonald's in Mt. Vernon, Indiana. Willemsen made a false report to the management of McDonald's that Mrs. Amann was rude and not performing her job – in an effort to get her fired.

26.     Fortunately, McDonald's management knew the report was false because Mrs. Amann was on vacation during the dates contained in the false report. Nonetheless, the harassment continues and Amann continues to be unfairly disciplined.

27.     Despite the foregoing, Willemsen has gone unpunished through this entire matter.

## V.  LEGAL ALLEGATIONS

### COUNT I - DISABILITY DISCRIMINATION

28.     Amann hereby incorporates paragraphs one (1) through twenty-seven (27) of his Complaint.

29.     Defendant violated Amann's rights by discriminating against him, demoting him to part-time, cutting his hours, and subjecting him to a hostile work environment due to his disabilities.

30.     Defendant's actions were intentional, willful and in reckless disregard of Amann's rights as protected by the ADAAA.

31.      Amann has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II – ADAAA RETALIATION

32.     Amann hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint.

33.     Defendant violated Amann's rights by discriminating against him, demoting him to part-time, cutting his hours, and subjecting him to a hostile work environment in retaliation for engaging in a protected activity.

34.     Defendant's actions were intentional, willful and in reckless disregard of Amann's rights as protected by the ADAAA.

35.      Amann has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT III – VIOLATIONS OF THE FMLA

36.     Amann hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37.     Defendant discriminated against Amann, demoted him to part-time, cut his hours and benefits, and subjected him to a hostile work environment in retaliation for exercising his rights under the FMLA.

38.     Defendant's actions were intentional, willful and in reckless disregard of Amann's rights as protected by the FMLA.

39.     Amann suffered damages as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Robert Amann, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1.     Reinstate Plaintiff to his full-time position, with the pay and benefits he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2.     Pay to Plaintiff all of his lost wages and benefits;

3.     Enjoin Defendant from further discriminatory actions against any employee based on their disability or use of FMLA leave;

4.     Award Plaintiff any pay raises or promotions he should have received absent Defendant's discriminatory actions;

5.      Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

6.      Pay to Plaintiff liquidated damages due to Defendant willful violation of the FMLA;

7.      Pay to Plaintiff punitive damages;

8.      Pay to Plaintiff pre- and post-judgment interest;

9.      Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

10.     Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

*s/Kyle F. Biesecker*
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Robert Amann*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Robert Amann, by counsel, respectfully requests a jury trial for all issues deemed triable by jury.

Respectfully submitted,

<u>s/Kyle F. Biesecker</u>
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Robert Amann*